## FEDERAL AUDIT CORPORATION v. MUTARIELLI et al. (SHIRK, Intervenor).

### No. 1104.

District Court, E. D. Pennsylvania.

Jan. 21, 1942.

Wade Goble, of Philadelphia, Pa., for plaintiff.

Charles S. Thompson and Wade Goble, both of Philadelphia, Pa., for trustee.

Herbert A. Speiser (of Speiser & Speiser), of Philadelphia, Pa., for defendants.

BARD, District Judge.

This case is before the court on the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

The plaintiff is a judgment creditor of the defendant, Patsy Mutarielli, by virtue of a judgment obtained in the Court of Common Pleas of Philadelphia County on October 23, 1933, in the amount of $3,211.-43. The defendant filed a voluntary petition in bankruptcy in 1935, scheduling assets of $40 and liabilities of $99,430.63. A discharge in bankruptcy has been refused. Nothing has been paid to the creditors out of the bankruptcy proceeding. Alleging that the defendants have entered into a conspiracy for the purpose of hindering, delaying and defrauding the creditors of the husband, the plaintiff requests that Anna Mutarielli be declared a trustee of all assets to which she holds title, for the benefit of her husband's creditors, that both defendants be enjoined from disposing of or concealing assets pending determination of the case, and that the defendants be required to make a full discovery of assets now owned jointly or severally.

Since the filing of the motion to dismiss, the trustee in bankruptcy of Patsy Mutarielli has moved to be allowed to intervene as a party plaintiff. An order, without objection from the defendants, has been entered permitting the trustee to do this.

The plaintiff avers various serial transactions, exchanges and operations which support an inference that the defendants, with the assistance of others, have striven, and are striving, to effect an evasion of the husband's creditors. Although specificity is lacking in some instances, and although fraud is alleged generally rather than in relation to particular acts, I am de-

cided that the complaint is sufficient in so far as allegation of fraud is concerned.

The defendants contend that the plaintiff, by reason of its failure to exhaust available legal remedies, is precluded from relief here. Defendants insist that the plaintiff should issue execution on its judgment in the state courts and until this is done and a return of nulla bona is made thereon, the plaintiff may not maintain this action.

■ It is true that simple contract creditors who have no judgments or have no equitable interest in the assets of a debtor have no standing in equity to prevent a judgment creditor from issuing execution, but the rationale of this principle is that such action might prejudice the rights of lien creditors. That situation does not appear here. The plaintiff in the instant suit holds a judgment which remains unsatisfied, and it is seeking relief for the benefit of all the creditors. The intervention of the trustee in bankruptcy gives assurance that, if the plaintiff is successful in proving the allegations of the complaint, any sum recovered would be held in trust for proper distribution among all the creditors.

Motion to dismiss complaint denied.